**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Shakopee Mdewakanton Sioux, (Dakota) Community, Grand Portage Band of Chippewa Indians, and Lower Sioux Indian Community, federally recognized Indian Tribes,

Plaintiffs,

v.

Mike Hatch, Minnesota Attorney General, David F. Fisher, Commissioner of the Minnesota Department of Administration, and Charles R. Weaver, Jr., Commissioner of the Minnesota Department of Public Safety,

Defendants.

Civil No. 01-1737 ADM/AJB

**ORDER ON MOTION TO APPOINT INDEPENDENT LEGAL COUNSEL**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion to disqualify counsel on behalf of the Minnesota Attorney General from also serving as counsel for defendant Charles R. Weaver, Jr., Commissioner of the Minnesota Department of Public Safety, in this action and further seeking appointment of independent counsel for defendant Weaver. Hearing was held on February 8, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Steven F. Olson, Esq., appeared on behalf of the plaintiffs. Alan J. Gilbert, Chief Deputy Attorney General, Esq., appeared on behalf of the defendants.

Based upon the file, memorandums, affidavits and exhibits, **IT IS HEREBY ORDERED** that plaintiffs' motion to disqualify counsel for the Minnesota Attorney General from acting as counsel for defendant Minnesota Commissioner of Public Safety in this action and



FEB 2 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

further seeking appointment of independent legal counsel is **denied.** [Docket No. 19].

Dated: 2/21/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The plaintiff Indian communities commenced this declaratory action challenging an advisory opinion issued by the Minnesota Department of Administration which held that gambling audits of Indian casinos were not trade secrets and were not classified as non-public data under the Minnesota Data Practices Act. Minn. Stat. Chap. 13. Plaintiffs also contend that public disclosure of audits is prohibited by compact between the State and various Indian tribes. Each of the personally identified defendants is the head of a department of Minnesota state government and is sued in an official capacity only. All of the defendants in this matter are represented by the same attorney, Assistant Attorney General John Garry, an attorney selected and assigned to the case by the Office of the Minnesota Attorney General.

Plaintiffs now contend that assigned counsel for defendants cannot ethically represent all of the defendants because all defendants do not share the same legal position with respect to the merits of the case and counsel's continued presentation of a single unified case therefore manifests a conflict of interest. In particular, plaintiffs contend that defense counsel is improperly advancing only the position advocated by the Office of the Attorney General and this

position is at odds with the views of the Commissioner of the Department of Public Safety, as indicated in the deposition testimony of defendant Weaver. Plaintiffs assert that this defense conflict has an adverse effect upon their ability to discover relevant fact information and plaintiffs now move the Court to appoint independent legal counsel.[1] The Attorney General, on behalf of all defendants, contends that the Attorney General's Office is fully authorized to represent the Commissioner of Public Safety, sued in his official capacity. It is further asserted that this matter is essentially an action against the State of Minnesota; the Attorney General is authorized to argue legal policy and represent the state in litigation involving the State; and such representation does not create a real or potential conflict of interest and is not thereby inconsistent with provisions of the Minnesota Rules of Professional Conduct. Defendants further contend that the motion is untimely in light of the completion of discovery and filing of dispositive motions, and that plaintiffs lack standing to bring the motion.

The defense contentions in this motion are well-taken. As an initial matter the plaintiffs lack standing to bring the motion in this instance. The alleged conflict involves an internal disagreement between divisions of state government who happen to be named co-defendants in the suit. Plaintiffs purport to express the position of defendant Weaver with respect to the existence of a conflict and the need for separate counsel to represent the opinions of the Commissioner of Public Safety. Plaintiffs further allege a stake in the dispute based upon

---

[1] Plaintiffs' Notice of Motion and Motion explicitly moves the Court to appoint independent legal counsel for defendant Weaver. However, plaintiff indicated in oral and written argument that the defense conflict could be resolved by appointment of another attorney from within the Office of the Attorney General to represent defendant Weaver. Therefore, it appears that plaintiff is not asking this Court to appoint independent counsel, but rather is asking the Court to direct the Attorney General to appoint independent counsel.

an assertion that fact discovery has been somehow limited as a result of the conflict. These claims are totally without merit. The reality of disagreement on policy or legal issues within departments of state government is not atypical and is essentially meaningless with respect to plaintiffs' standing on the attorney disqualification issue. With respect to issues of law the Court is not persuaded that plaintiffs need or are entitled to additional arguments in support of plaintiffs' position merely because state officials have differing opinions on policy or legal matters. With respect to fact issues and discovery the Court is utterly unconvinced that plaintiffs have been denied or would be denied any meaningful discovery simply because a presumed ally among the defendants is not independently represented. Indeed, plaintiffs argument for standing based upon discovery rights is wholly undermined by circumstances such that significant discovery, including the deposition of Commissioner Weaver, was conducted; this motion was filed after the January 1, 2002, discovery deadline had passed and no motion to compel discovery was filed; and motions for summary judgment have been briefed and filed on behalf of both sides in this litigation. It is particularly noteworthy the plaintiffs do not identify or even generally describe the nature of the additional material discovery which may have been denied them. Plaintiffs have no standing to make the motion that is presently before the Court regarding legal representation for another party to the litigation.

Furthermore, with respect to the claim that a conflict of interest of ethical significance exists with respect to representation of all defendants by a single attorney assigned by the Office of the Attorney General, the contention is incorrect. The Attorney General is an elected constitutional officer and is the State's chief law officer, charged with representing the state in litigation as deemed necessary for enforcement of state laws and protection of public

rights. Slezak v. Ousdigian, 260 Minn. 303, 308, 110 N.W.2d 1, 5 (1961). Remaining defendants are appointed executive officers of the State and are sued in their official capacities. This action is clearly an action against the State, and the Attorney General is the appropriate legal representative for all defendants. Whatever the conflicts that may exist among defendants in this matter, those conflicts exist on a political or policy-making level only and do not present ethical issues with respect to the course of this litigation. The incorporeality of plaintiff's position is underscored by recognition of the ease with which inter-governmental conflicts could be built into litigation whenever multiple agencies may be involved. The State is entitled to a consistent position in its litigation strategy and legal argument, and the Attorney General is authorized and obligated to serve as the State's representative.